## LARSEN v. GASBERG.

No. 1712. Decided July 13, 1906 (86 Pac. 1906).

JUDGMENT—RES ADJUDICATA—PARTIES.—Revised Statutes 1898, section 3198, makes judgments a lien upon the real estate of the judgment debtor. A judgment was rendered at a time when the judgment debtor had title to certain land. After the judgment was rendered and before execution sale of the land thereunder, suit was commenced against the judgment debtor to cancel the deed under which

he held the land, notice of *lis pendens* was filed, and judgment finally rendered in the action, cancelling the deed for fraud. The judgment creditors purchased at the execution sale. *Held,* that they were not bound by the judgment cancelling the judgment debtor's deed, so that, in an action by the judgment debtor's grantor to recover the land from the judgment creditors, it was necessary for plaintiff to prove that the deed to the judgment debtor was fraudulent.

APPEAL from District Court, Box Elder County; W. W. Maughan, Judge.

Action by Christena J. Larsen against Jens C. Gasberg. From a judgment for plaintiff, defendant appeals.

REVERSED.

*O. W. Powers* and *R. H. Jones* for appellant.

*B. H. Jones* and *Nels. Jensen* for respondent.

### APPELLANT'S POINTS.

"A fraudulent conveyance is no conveyance as against the interest intended to be defrauded." (14 Ency. of Law, p. 311, notes 4, 5 and 6. *Bull v. Ford,* 66 Cal. 176; *Bank v. Risley,* 75 Am. Dec. 351; *Duvall v. Waters,* 18 Am. Dec. 351; *Bank v. Barker,* 12 Utah 13.)

"The title of a purchaser of land under an execution relates back to the time at which the lien attached and he will be entitled to all the rights of defendant at such time." (21 American Digest 1726. *Page v. Hill,* 11 Mo. 149; *Robinson v. Thornton,* 31 Pac. 936; *Riley v. Nance,* 97 Cal. 203; *Bank v. Lieuallen,* 39 Pac. 1108; 65 Mo. 670; *Inv. Co. v. Gilbert,* 43 Pac. 941.)

"So where a transfer is involuntary, as where it is made by virtue of an execution, judicial, or trustee's sale, it takes effect by relation as to the date of the lien or trust deed under which the sale was made, and cannot be affected by any judgment against the latter in an action commenced after such

date." ' (1 Freeman on Judgments [4 Ed.], 343, p. 186, note 4; *Cooper v. Corbin*, 105 Ill. 224; 43 Pac. 941; Rev. Stat. 1898, sec. 3198; 17 Enc. 770; *Conard v. Atlantic Ins. Co.*, 1 Pet. [U. S.] 386; *Trapnall v. Richardson*, 58 Am. Dec. 338; *Young v. Templeton*, 50 Am. Dec. 563.)

"A person whose *interest existed* at the commencement of the suit is a necessary party, and will not be bound by the proceedings, unless he is made a party of the suit." (*Ensworth v. Lambert*, 4 Johns. Ch. 605.) And the same doctrine is stated in *Rogers v. Dirrell*, 6 Lea 69." (*Walker v. Goldsmith*, 12 Pac. 542; *Haughwout v. Murphy*, 22 N. J. Eq. 531.)

In this state a summons must be issued, and served or returned unserved in the first three months; and an alias within the next nine. One issued or served after the year is void. (R. S., sec. 2942; *Reynolds v. Page*, 35 Cal. 300; *Reinhort v. Lago*, 86 Cal. 396; *Dunker v. Lute*, 48 Cal. 464; 20 Ency. Pl. & Pr., 1107, n. 5.)

An infant must be served with summons personally. (R. S. 1898, sec. 2948, as amended in Session Laws, 1905; *Johnson v. San. Fran. S. U.*, 63 Cal. 554; *Fanning v. Foley*, 99 Cal. 336; *Hendricks v. McLean*, 18 Mo. 32; *Smith v. Davis*, 27 Mo. 298; *Baumgartner v. Guessfeld*, 38 Mo. 37; *Gibson v. Chouteau*, 39 Mo. 537; *Shaw v. Gregoire*, 41 Mo. 407; *Railroad v. Campbell*, 62 Mo. 585; *Campbell v. Gas Light Co.*, 84 Mo. 352; *Fischer v. Siekmann*, 125 Mo. 165.)

McCARTY, J.

This is an action to quiet title to a city lot and a 5-acre tract of land situate in Box Elder county, Utah. Plaintiff, in her complaint filed September 13, 1904, claims title in fee to the property, and alleges that defendant claims an estate or interest therein adverse to her, and further alleges that defendant has no estate, title, or interest whatever in or to said land or any part thereof, and asks that defendant be required to set forth the nature of his claim. The defendant answered denying that plaintiff has any interest in the property except a life estate, and set up title in himself subject to the

life estate mentioned. A trial was had and the court found the issues in favor of the plaintiff and entered judgment quieting her title to the premises. To reverse the judgment, defendant prosecutes this appeal.

It appears from the record that on June 15, 1897, plaintiff, Mrs. Larsen, in whom was the legal title to the premises mentioned, deeded the same to J. B. Carrington, reserving to herself and husband a life estate in the property so conveyed. It is also provided in the deed that in case the grantee, J. B. Carrington, shall die before the grantors, then the premises conveyed shall revert back to the grantor. On October 28, 1897, J. B. Carrington and his wife, Katherine Carrington, deeded the property in question to Clara Carrington, their minor daughter. The consideration mentioned in the deed is "the sum of one dollar and love and affection." On April 2, 1898, the defendant, Gasberg, and one Charles Miller obtained a judgment against J. B. Carrington in the district court of Box Elder county, Utah, for $740.05 on an indebtedness which antedated the execution of the deed from J. B. Carrington and Katherine Carrington to Clara Carrington. An execution was duly issued on the judgment thus obtained, and all the right, title, and interest which J. B. Carrington had in and to the property in question was levied upon, duly advertised, and sold at public sale August 20, 1898, the same being purchased by Miller and Gasberg, judgment creditors in said suit. On August 19, 1898, the day before the interest of J. B. Carrington in and to said premises was sold as aforesaid, Jens Larsen and Christena Larsen commenced an action in the district court of Box Elder county, Utah, against J. B. Carrington and Clara Carrington to have the deed to said premises, which was executed by Christena J. Larsen to J. B. Carrington June 1, 1897, delivered up and canceled on the ground that the same was obtained through fraud and without any consideration; also to have the deed from J. B. Carrington and Katherine Carrington to Clara Carrington canceled on the ground that she took said deed with knowledge of the facts constituting the alleged fraud and failure of consideration. Gasberg, who had, in the meantime, acquired Miller's

interest in and to the property, was not made a party to the action. *Lis pendens* giving notice of the commencement of the action "to cancel and set aside the deeds" was duly filed and recorded August 19, 1898, one day prior to the sale of the premises by the sheriff to Gasberg and Miller, as hereinbefore stated. A trial was had of that case, and the court made its findings and entered judgment wherein it is held that the deed from Christena J. Larsen to J. B. Carrington and the deed from J. B. Carrington and Katherine Carrington to Clara Carrington were "null and void," and that they be canceled and set aside.

Plaintiff introduced the deed from herself to J. B. Carrington and the deed from J. B. Carrington and Katherine Carrington in evidence together with the judgment roll in the case above mentioned and rested. No evidence was offered of the facts upon which it is claimed that the deed from plaintiff to J. B. Carrington was obtained through fraud and without consideration, other than the judgment roll mentioned. While there was no finding to that effect the court evidently proceeded and decided the case upon the theory contended for by respondent in her brief, namely, that whatever interest or color of title Carrington had in and to the premises was extinguished by the judgment in that case, and as Gasberg claims title through Carrington he, too, is bound thereby. When the judgment in favor of Miller and Gasberg, and against Carrington, was entered and docketed (April 2, 1898) it became a lien upon whatever interest or estate Carrington had in the property in question. (Section 3198, Rev. St. 1898.) This judgment lien attached to Carrington's interest long prior to the time of the filing of the *lis pendens* of the suit by Jens Larsen and Christena Larsen against the Carringtons to have the deeds mentioned delivered up and canceled. Therefore Miller and Gasberg were necessary parties to the action, and not having been made parties they are not concluded by the judgment. (21 A. & E. Ency. L. [2 Ed.], 648.)

When Miller and Gasberg obtained their judgment the record title to the premises in question was in Carrington subject only to a joint life estate in favor of plaintiff and her

husband. There was nothing on the face of the deed of conveyance which purported to vest in Carrington an estate in the property which indicated or suggested that it was obtained through fraud and without consideration. Therefore when plaintiff put this deed in evidence, which showed that the fee to the property was in Carrington, it was incumbent upon her, if she wished to avoid its effect upon the ground that it was obtained through fraud and without consideration, to establish these facts by competent evidence, and give the defendant an opportunity to try the issue of fraud. In other words, the defendant was entitled to his day in court and his rights, whatever they were, could not be extinguished by a judgment in an action which was commenced long after the judgment lien attached by virtue of which the property was levied upon and sold, and to which action he was not made a party.

The judgment is reversed, with directions to the lower court to grant a new trial. Costs of this appeal to be taxed againt respondent.

BARTCH, C. J., and STRAUP, J., concur.